GRACE HALL, administratrix, *vs.* HENRY THAYER AND COMPANY.
JULIA A. HILL, administratrix, *vs.* SAME.

Middlesex.    March 17, 1916. — September 13, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Causing death, Of one controlling real estate. *Workmen's Compensation Act. Damages,* In tort. *Evidence,* Relevancy.

Where an employee of a subscriber under the workmen's compensation act died
as the result of an injury received in the course of his employment and compensation under the act was awarded to his widow, who was the administratrix
of his estate, this is no bar to an action brought under St. 1911, c. 751, Part III,
§ 15, by the insurer, who paid the award, against a third person, not the employer
of the deceased, whose negligence caused his death, in the name of the administratrix of the deceased to enforce the defendant's liability for causing his death
imposed by R. L. c. 171, § 2, as amended.

In such an action as above described it is proper for the plaintiff in interest to
allege in its writ that the action is brought in the name of the administratrix
for the benefit of the insurer, but such an allegation is not essential to the maintenance of the action.

In an action under R. L. c. 171, § 2, as amended, by the administratrix of the estate
of an employee of a contractor, who had been engaged by the defendant to
repair a water tank on the roof of the defendant's factory building, for negligently causing the death of the plaintiff's intestate, where the only material
question was whether there was any evidence for the jury of the defendant's
negligence, it could have been found that the uprights supporting the tank on
the roof rested on brick piers, that, from the vibration caused by the operation
of the defendant's machinery and also from age and exposure to the weather,
the uprights and the braces connecting them had become so corroded that the
tank was swayed by the wind and the brick piers had been weakened, and
that, while the intestate was at work adjusting and bolting on new braces,
using proper appliances and exercising ordinary mechanical skill, the piers
suddenly gave way, carrying in their collapse a part of the outer wall, the
tank plunged downward and the intestate was thrown to the ground and
killed.    There also was testimony of experts from which it could have been
found that the foundations of the tank were not originally "a good form of
construction" to support a tank of its capacity and that from the lapse of time
the structure had become unsafe and dangerous when subjected to the strain
necessarily required in making the repairs. It also could have been found
that, if the defendant, knowing that the repairs were to be made, had exercised ordinary diligence, he would have discovered by proper investigation
the defective conditions before inviting the contractor's employees to repair
the tank, thus exposing them to dangers that were not apparent to them upon
reasonable observation. *Held,* that the case was for the jury.

In the same case it was *held* that the intestate, who had been sent to repair the tank by adjusting and bolting on new braces, did not by his contract of employment assume the risk of the brick piers giving way, and that, whether he was in the exercise of due care and whether he voluntarily assumed the risk of an injury arising from the weakness of the piers, were questions of fact.

In the case above described, brought by the insurer under the workmen's compensation act for its own benefit in the name of the administratrix of the estate of the intestate, it was *held*, that evidence offered by the defendant of the proceedings before the Industrial Accident Board in which an award was made to the nominal plaintiff properly was excluded, it not having been shown to be in any way relevant either on the question of liability or on the question of damages.

BRALEY, J. The plaintiffs sue in tort for the death without conscious suffering of their respective intestates, employees of one Shaw, who were killed on March 28, 1913, while at work on the defendant's water tank which Shaw had contracted to repair. A verdict in each case having been ordered and returned for the defendant, the cases are here on the report of the presiding judge,* in which not only the question of the defendant's liability for the death of the intestates, but also the question whether the plaintiffs can maintain the actions, is raised.

The declarations were not demurred to, and we assume, although this is not alleged, that the decedents left either a widow and children, or a widow and next of kin, for whose sole benefit damages are given under R. L. c. 171, § 2, as amended, for death caused by the negligence of a person or corporation of those not in his or its employment or service. *Oulighan* v. *Butler*, 189 Mass. 287, 289.

We also assume from the report that the administratrices are respectively the widows of the deceased employees. It is stated that the parties agreed that Shaw was a subscriber and the insurance company has been ordered under the workmen's compensation act to pay compensation to the widow for a period of three hundred weeks from the date of death of each employee. The death of the decedents having been caused by the alleged negligence of the defendant and the plaintiffs having elected to take compensation, they cannot maintain the actions for their own benefit. St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, § 1.† *Turnquist* v. *Hannon*, 219 Mass. 560. *Barry*

---

* *Sanderson,* J.

† The deaths of the intestates occurred before the passage of this amendment.

· v. *Bay State Street Railway,* 222 Mass. 366. See *Cripps's Case,* 216 Mass. 586. The right conferred upon the association or insurer by § 15 is to bring suit against the wrongdoer either in the name of the employee or in its own name. But, as the employee is dead, and R. L. c. 171, § 2, provides that actions for death should be brought in the name of "the executor or administrator of the deceased," no sufficient reason is shown why the insurer may not prosecute the actions in the names of the plaintiffs for its own benefit. The report further states that, before the cases were opened to the jury, the defendant presented motions "to amend its answers" and, the motions having been allowed, the answers as amended set up these matters in defence. It would have been better practice undoubtedly to have stated in each writ that the action was brought in the name of the administratrix for the benefit of the insurer, but this was not necessary. The defendant in any event would be fully protected from double liability. *Kelly* v. *Greany,* 216 Mass. 296. *St. Albans Granite Co.* v. *Elwell & Co.* 88 Vt. 479, 482.

The insurer being entitled to maintain the actions in the names of the plaintiffs, we come to the issue, whether there was any evidence for the jury of the defendant's negligence. To recite the evidence in detail would serve no useful purpose. The tank was situated on the roof of the defendant's building and the jury would have been warranted in finding that the uprights supporting the tank rested on brick piers, and that, from the vibration caused by operation of the defendant's machinery and also from age and exposure to the weather, the uprights and struts or braces by which the uprights were connected had become so corroded as to cause the tank to sway in the wind, whereby the structure had become weakened. And that while the decedents were at work adjusting and bolting on new braces or struts, using proper appliances and exercising ordinary care and mechanical skill, the piers suddenly gave way, carrying in their collapse part of the outer wall, the tank plunged down and they were thrown to the ground and killed. A further finding on the testimony of the plaintiffs' expert and of Shaw, a machinist and contractor of experience, whose testimony was clearly admissible, would have been justified, that the foundations previously described were not originally "a good form of construction" to support a tank of

its capacity, and that from the lapse of time the structure had become unsafe and dangerous when subjected to the strain or leverage necessarily required in making the repairs. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 466. *Hopperman* v. *Fore River Ship Building Co.* 214 Mass. 33. The jury also could have found further, that if the defendant, the owner of the building, knowing that repairs were to be made, had exercised reasonable diligence, these defective conditions upon proper investigation could have been discovered, but in so far as appears, without making any examination or taking any preliminary precautions, it invited the decedents, even if they were the employees of an independent contractor, to come upon the premises, where as the result shows the jury could find they were exposed to dangers which to them were not obvious or apparent upon reasonable observation. It is settled that under such circumstances the owner of the premises can be held responsible in damages. · *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Curtis* v. *Kiley,* 153 Mass. 123. *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437, 439, and cases cited. *Garland* v. *Townsend,* 217 Mass. 297, 300, and cases cited.

It is also plain that, if the jury reached these conclusions, there was no contractual assumption of risk, and, whether the intestates exercised due care or voluntarily assumed the risk, were questions of fact. The case of *Archer* v. *Eldredge,* 204 Mass. 323, is plainly distinguishable.

What has been said disposes of the defendant's exceptions to the exclusion of evidence of the amount of the awards and to the admission of the opinion evidence introduced by the plaintiffs. It furthermore may be remarked, in connection with the defendant's offer of proof of the proceedings before the Industrial Accident Board, that it has failed to point out the relevancy of the award as affecting in an action of tort either the defendant's liability or the measure of damages.

The answer of Shaw to the question, "Did you consider from your experience as a machinist with this class of work that the old braces were insufficient?" "No, I did not think that," not having harmed the defendant need not be further considered. The remaining exceptions to the admission of evidence, in so far as argued, either fall within the same class of harmless error, if error there

was, or the evidence was plainly competent on the question of the defendant's liability.

The cases should have been submitted to the jury, and in accordance with the terms of the report judgment for the plaintiffs in the stipulated amount is to be entered in each case.

*So ordered.*

*C. L. Allen & R. T. Parke,* for the plaintiffs.
*E. C. Stone,* for the defendant.