CLARA E. CHAVES, administratrix, *vs.* J. FRANK WEEKS.

Bristol.   May 15, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Pleading, Civil,* Answer. *Workmen's Compensation Act. Negligence,* Causing death, Action under G. L. c. 152, § 15, by insurer against third person.

Where, in an action by an administrator to recover for conscious suffering and the causing of the death of the plaintiff's intestate, which was alleged to have resulted from negligence of the defendant in the operation of a motor vehicle, it appears that the intestate had been employed by one who was a subscriber under the workmen's compensation act, that the plaintiff had entered into an agreement with the insurer for the payment of compensation in accordance with that act, and that under G. L. c. 152, § 15, the action had been brought by the insurer in the name of the administrator, the defendant is not in any way harmed by the allowance of a motion by the plaintiff that an allegation in the answer that the plaintiff, having received compensation under the workmen's compensation act from the intestate's employer, was barred from recovering in the action, be stricken out.

TORT, by the administratrix of the estate of Antone S. Chaves, late of New Bedford, to recover for his conscious suffering and the causing of his death when he was run into by an automobile alleged to have been owned and negligently operated by the defendant. Writ dated December 4, 1917.

Pleadings and a motion by the plaintiff to have stricken from the defendant's answer a reference to an election by the plaintiff to receive compensation under the workmen's compensation act from the employer of her intestate, to the allowance of which the defendant excepted, are described in the opinion. There were verdicts for the plaintiff, in the sum of $1 on the count for conscious suffering, and in the sum of $3,567 on the count for causing death; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. T. Swift, G. Grime & H. S. R. Buffinton,* for the defendant.

*J. W. Cronin & F. A. Carroll,* for the plaintiff.

CARROLL, J. The plaintiff's intestate, Antone E. Chaves, was employed by the Union Street Railway Company. He was insured under the workmen's compensation act by the Liberty Mutual Insurance Company. The action is brought by the Liberty Mutual Insurance Company under St. 1911, c. 751, as amended by St. 1913, c. 448 (see now G. L. c. 152, § 15), in the name of the administratrix of the estate of the employee, who has entered into an agreement with the insurance company for the payment of compensation in accordance with the workmen's compensation act.

The first count in the declaration is to recover for the death of the employee; the second count is to recover for his conscious suffering caused by the defendant's negligence. The defendant's answer was a general denial and an allegation of contributory negligence. In the third paragraph it was averred that the plaintiff, having received compensation under the workmen's compensation act from the intestate's employer, was barred from recovering in this action. After the jury was impanelled the plaintiff made a motion in writing stating that she had entered into an agreement with the Liberty Mutual Insurance Company for the payment of compensation in accordance with the terms of the workmen's compensation act; that she is bound to account for any damages recovered under count one of the declara-

tion, to the insurance company, and that the defendant be directed to amend his answer by striking out the third paragraph. This motion was allowed and the defendant ordered to amend by striking out the third paragraph of his answer, to which ruling the defendant excepted. There was a verdict for the plaintiff on both counts.

When an employee receives an injury for which compensation is payable under the workmen's compensation act, in such circumstances that a person other than his employer may be liable for damages, the employee may proceed at law against that person to recover damages or against the insurer to recover compensation under the act, but he cannot proceed against both; and if compensation is paid under the workmen's compensation act the insurer may enforce in the name of the employee or its own name the liability against such person, and in case the insurer receives a sum greater than the amount paid by it, four fifths of the excess shall be paid to the employee. St. 1913, c. 448. In *Hall* v. *Henry Thayer & Co.* 225 Mass. 151 and *Turnquist* v. *Hannon,* 219 Mass. 560, it was decided that the insurer, having paid compensation to the administratrix, for the employee's death in accordance with the statute, became entitled to enforce in her name the liability of the defendant and for its own benefit to enforce against third persons causing the employee's injury rights which otherwise would have been available to the employee or his representatives. The amount of the compensation paid by the insurer was not important; as was said in *Turnquist* v. *Hannon, supra,* at page 565, "It is an immaterial circumstance how much it may have paid or be liable to pay under the act." It was also immaterial that the administratrix was merely a nominal plaintiff. Under the first count the averments in the third paragraph of the defendant's answer had no bearing on any issue in the case and the plaintiff had the right to have the case tried without reference to any matters which might be prejudicial or irrelevant; the judge properly ordered the immaterial and irrelevant matter in the answer to be stricken out. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 491, 492; *S. C.* 235 Mass. 304.

The motion of the plaintiff having been allowed, the record discloses that the plaintiff had made an agreement for the pay-

ment of compensation and was bound to account under the terms of the statute for any damages received under count one; the defendant was not in any way harmed by the action of the court and the record plainly shows that it could not be subjected to a double liability.

In the second count the plaintiff sought to recover for the conscious suffering of her intestate. She had the right to have her cause of action considered by the jury, uninfluenced by any irrelevant references to the insurance of her intestate by his employer, the defendant cannot complain of the ruling made. *Hall* v. *Thayer, supra. Turnquist* v. *Hannon, supra. Cripp's Case,* 216 Mass. 586.

*Exceptions overruled.*