PORTLAND GAS LIGHT COMPANY *vs.* GABRIEL A. RUUD.
ANDREW RILEY *vs.* SAME.
WALTER FOURNIER *vs.* SAME.

Suffolk.    May 17, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Evidence,* Admission, Foreign law. *Workmen's Compensation Act. Practice, Civil,* Conduct of trial: exhibits to jury room, judge's charge.

At the trial of actions for property damage and personal injuries resulting from a collision with a motor car alleged to have been caused by negligence of the defendant, it appeared that the defendant had had an interview with the plaintiff's attorney in which he was informed that the plaintiff intended to bring an action for damages because of the collision. Subject to exceptions by the defendant, the plaintiff was permitted in cross-examination of the defendant to show that immediately after this interview the defendant conveyed his homestead to his daughter, that no valuable consideration ever was agreed upon by the parties and that the defendant continued in occupation of the premises. The defendant also testified that, while no money was paid, the understanding in part was that he should pay rent which was to be deducted from the purchase price and that the conveyance also was in the nature of a distribution of his estate in accordance with the wish of his deceased wife who at her death was "a part owner," although by operation of law he had become the sole owner when the transfer was made. *Held,* that the credibility of the defendant and its effect upon his testimony was for the jury, and that an inference and finding were warranted that the house constituted all of the defendant's property which could be come at to be attached and that it was voluntarily conveyed to avoid an attachment to secure the payment of damages if the plaintiff prevailed in the impending action, of which the defendant had been fully informed.

Under Pub. Laws of Maine, c. 238, § 26, and § 1, cl. 1, after an insurer under the Maine workmen's compensation act has paid to an employee compensation by reason of injuries, received in the State of Maine and within the act's pro-

visions but resulting from the negligence of a third person, the insurer is subrogated to the employee's rights against the third person and may maintain an action of tort against the third party in the name of the employee to recover for such injuries.

At the trial of an action of the character above described, it is not error for the judge to refuse to permit the exhibits relating to the insurance and the payment of compensation to go to the jury room, nor to charge the jury to disregard the matter of insurance in their computation of damages.

THREE ACTIONS OF TORT, the first action being by the owner of a motor truck for damages to the truck resulting from a collision with a motor car alleged to have been caused by negligence of the defendant, and the second and third actions being for personal injuries received in the same collision respectively by the driver and by a helper riding on the truck. Writs dated December 12, 1918.

In the second and third actions, after entry, a motion was allowed amending the writ and the declaration by adding to the name of the plaintiff the words "in whose name this action is brought for the benefit of the Fidelity & Casualty Company of New York and the Portland Gas Light Company."

In the Superior Court, the actions were tried together before *Aiken*, C. J. Material evidence is described in the opinion.

At the close of the evidence, the defendant made, among others, the following request for a ruling in the first action:

"5. That the plaintiff cannot recover any sums of money paid by it or by the Fidelity & Casualty Company to Walter Fournier and Andrew Riley in this action."

In the second and the third actions, the defendant asked, among others, for the following rulings:

"2. That upon all the evidence the plaintiff has assigned his right of action to the Portland Gas Light Company and the Fidelity & Casualty Insurance Company.

"3. That the plaintiff cannot recover under this form of declaration."

The rulings above described were refused. The judge charged the jury in part as follows: "There has been in this case some evidence as to the law of Maine, and as to the right of reimbursement of an insurance company that pays money by way of relief to injured parties. There are two cases in which that feature appears, Fournier's and Riley's. The insurance company paid money. That went to the help of both of these two men. That

appears in the case, gentlemen of the jury, in no way to affect your estimate of damages, and you will not use it one way or the other. It is introduced here for the purpose of establishing the rights of the insurance company for reimbursement for its outlays; not large in amount, as it appears, in the case. You do not draw the inference, because there has been money paid to help these two men in their hurt, that that indicates that there was blame on the part of Ruud. Ruud had nothing to do with the payment of that money. He is not bound by it; he is not affected by it. It is in the case for the purpose of mindfulness and enlightenment as to the legal aspects that arise by reason of the payment of insurance, and it is something that you need not have in your thoughts, and should not have in your thoughts in figuring out what should be allowed to the different plaintiffs, if it is your conclusion something should be allowed."

The judge directed, subject to an exception by the defendant, that the insurance papers were not to be sent to the jury. The defendant also excepted to the statement in the charge that the jury were to disregard the matter of insurance.

The jury found for the plaintiffs in the following amounts: Portland Gas Light Company $850, Riley $1,500 and Fournier $200. The defendant alleged exceptions.

The cases were submitted on briefs.

*O. Sletten & W. W. Risk,* for the defendant.

*S. D. Elmore,* for the plaintiffs.

BRALEY, J. We assume from the recitals in the record that on conflicting evidence the jury could find that the defendant's negligence in the operation of his car caused the collision between the car and the gas light company's coal truck while they were passing "on the main highway . . . to the town of Dunstable, Maine . . .," damaging the truck; and causing personal injury to the plaintiff Fournier the driver, and the plaintiff Riley the helper, employees of the company. The plaintiffs' counsel before suit wrote the defendant that he had a claim against him, and requested him to call at his office. In response the defendant called. It is stated as a fact, that "As a result of said call, the defendant . . . had knowledge that his car was the car which the plaintiffs believed had been in collision with the truck . . . and that the plaintiffs intended to bring suits . . . for damages . . .

because of said collision." In cross-examination of the defendant the plaintiff was permitted to show that immediately after this interview he conveyed his homestead to his daughter, for which on his own evidence the jury could say no valuable consideration for the conveyance was ever agreed upon by the parties. The defendant who continued in occupation of the premises, testified that while no money was paid the understanding in part was that he should pay rent which was to be deducted from the purchase price, and that the conveyance also was in the nature of a distribution of his estate in accordance with the wish of his deceased wife who at her death was "a part owner," although by operation of law he had become the sole owner when the transfer was made. But his credibility and the effect of his evidence was for the jury. The defendant who did not call the attention of the judge at the trial to the ground now relied on for exclusion, contends that even if a conveyance was made under the conditions described, and as claimed by the plaintiffs, the evidence was incompetent as tending to show an admission by him of liability because it does not appear that the homestead was all the property he owned. The jury however could infer and find in the absence of any positive evidence to the contrary, that the house constituted all of his property which could be come at to be attached, and that it was voluntarily conveyed, to avoid an attachment to secure the payment of damages if the plaintiffs prevailed in the impending actions of which he had been fully informed. *Banfield* v. *Whipple,* 10 Allen, 27. Wigmore on Ev. § 282. The Pub. Laws of Maine, 1919, c. 238, were introduced in evidence. By § 26, "When any injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then

any such excess shall be paid to the injured employee, less the employer's expenses and costs of action." And by § 1, cl. 1, "'Employer' shall include corporations . . . and if the employer is insured, it includes the insurer unless the contrary intent is apparent from the context or it is inconsistent with the purposes of this act." The gas light company was insured, and compensation had been paid to the plaintiffs Riley and Fournier under the act. Its present suit is not in contract to recover the amount, but in tort for damages, and the defendant's fifth request that the gas light company cannot recover any sums of money paid by it, or by the insurance company to Fournier and Riley, asked for an instruction on an immaterial issue. It was denied rightly. *Chaves* v. *Weeks, ante,* 156. While the plaintiffs Riley and Fournier cannot maintain the actions for their sole benefit, the employer and the insurer who have paid compensation under the statute, are subrogated to their respective rights which can be enforced without stating in the writ or declaration that the action is brought in its behalf. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 152, 153. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, 306. *Donahue* v. *Thorndike & Hix, Inc.* 119 Maine, 20, 23. The defendant's requests in these cases could not have been given. It was discretionary with the trial court whether the "insurance papers" should be sent to, or withheld from the jury, and for reasons before stated the jury were properly instructed "to disregard the matter of insurance." *Burghardt* v. *Van Deusen,* 4 Allen, 374. The exceptions in each case must be overruled, and it is

*So ordered.*