RUDOLPH BECKER *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Essex. November 13, 1931. — June 27, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Negligence,* Street railway. *Workmen's Compensation Act,* Action by insurer against negligent third person. *Practice, Civil,* Parties. *Assignment. Res Judicata. Evidence,* Presumptions and burden of proof, Competency.

Evidence, at the trial of an action of tort for personal injuries against a street railway company, warranted inferences that a staging, upon which the plaintiff was working and which was suspended under a bridge over a street in such a way that the defendant's cars passing under the bridge would clear it if their trolley poles were hooked down properly, was struck and broken by a loose, unhooked trolley pole on one of the defendant's cars, whereby the plaintiff was thrown to the ground and was injured; and, there being further evidence that the operator of the car should have known that the pole was not under its hook as the car approached the bridge, a finding that the defendant was negligent was warranted.

G. L. c. 152, § 15, as amended by St. 1929, c. 326, § 1, makes an insurer, which has paid compensation under the workmen's compensation act to an employee injured in circumstances creating a legal liability in a person other than the subscriber to pay damages for the injuries, in substance an assignee of the employee's cause of action against the third person; and therefore, in an action by the employee against the third

person, it is immaterial to the defendant whether the plaintiff is the real party in interest or a nominal plaintiff suing for the benefit of the insurer, provided the action be prosecuted with authority: a judgment in such an action, if it be prosecuted with authority, is a bar to another action by either the employee or the insurer to enforce the defendant's liability for the employee's injuries and protects the defendant from double liability.

The authority of an assignee to prosecute an action at law in the name of his assignor is a preliminary question to be heard and determined by the trial judge, not a matter for consideration by the jury.

Consequently, where a "stipulation" filed by the plaintiff in an action of the character above described brought in the name of the employee, to the effect that he was in the employ of the subscriber at the time of his injuries, that he had received compensation from the insurer and that the action was "enforced in the plaintiff's name by" the insurer, enabled the trial judge to determine as a preliminary matter that the action was being prosecuted with authority, it was proper to deny a motion by the defendant to amend his answer by adding an allegation that the plaintiff had proceeded under the workmen's compensation act and had received compensation thereunder, to exclude evidence to that effect offered by the defendant and to deny a request by the defendant that the disposition of his motion to amend and the plaintiff's "stipulation" be read to the jury.

Proof of the payment of compensation by the insurer to the plaintiff is not an essential part of the plaintiff's case triable by the jury in an action of the character above described brought in the name of the employee; and the defendant in that action therefore was not entitled to have a verdict ordered in his favor by reason of lack of such proof to the jury.

TORT. Writ dated December 9, 1929.

A motion by the defendant before trial to amend its answer, as described in the opinion, was denied in the Superior Court by *Broadhurst*, J. The action was tried before *Hanify*, J. Material evidence, further motions by the defendant and evidence excluded are described in the opinion. There was a verdict for the plaintiff in the sum of $11,000. The defendant alleged exceptions.

*I. W. Sargent*, for the defendant.

*A. X. Dooley*, (*W. J. Barry* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff on March 22, 1929, alleged to have been caused by the defendant's negligence. The writ is dated December 9, 1929. The answer is a general denial and contributory negligence.

The defendant moved for a directed verdict on the general

ground that upon the evidence the plaintiff was not entitled to recover, and on the specific grounds that the evidence did not warrant a finding that the negligence of the defendant was the sole or a contributing cause of the accident or that the plaintiff was free from contributory negligence, and that there was no evidence "that compensation for the injury relied on in this case was paid to the plaintiff under the provisions of G. L. c. 152 or any acts in amendment thereof," or was so paid "by the insurer of his employer named in the plaintiff's stipulation filed in this case on March 16, 1931." The motion was denied and there was a verdict for the plaintiff. The case is here upon the defendant's exceptions to the denial of its motion for a directed verdict and to the exclusion of evidence and the denial of motions bearing upon the effect of the receipt of compensation by the plaintiff under the workmen's compensation law. G. L. c. 152. The questions raised will be considered in two groups: (a) those bearing upon the defendant's liability apart from the effect of the workmen's compensation law, and (b) those arising in connection with the application of that law to this case.

First. Apart from the effect of the workmen's compensation law — to be considered later — the motion for a directed verdict was denied rightly.

1. There was evidence for the jury that negligence of the defendant caused injury to the plaintiff.

The accident happened about one o'clock on the afternoon of March 22, 1929. At that time The Phoenix Bridge Company, under a contract with the Boston and Maine Railroad, was engaged in rebuilding a railroad bridge which spanned from north to south a highway running east and west upon which the defendant operated electric trolley cars on double tracks. The plaintiff, an employee of The Phoenix Bridge Company, was working on a staging under the bridge and over the highway. The staging was south of the southerly car track and consisted of planks laid lengthwise of the bridge upon two beams six inches wide and four inches high and about twenty feet long, fastened by ropes below the girders. Though there was some conflict

in the testimony, it could have been found that the beams were lashed tightly against the bottoms of the girders, that the staging was about three feet above the tops of the defendant's cars, that the northerly beam was three or three and a half feet from the nearer trolley wire, and that the planks did not project beyond that beam. At the time of the accident one of the defendant's cars was proceeding easterly under the bridge. As it passed the staging the northerly beam broke about in the middle, causing the plaintiff to be thrown to the ground and injured.

It appeared that the defendant's car was equipped with two trolley poles attached to the top of the car by swivels, that each pole was of tubular wrought steel, varying from one and one half to one inch in diameter, thirteen feet long with a wheel at the end for contact with the trolley wire, that at the base of each pole was a heavy spring which held the pole upright when in use, that there was a steel or iron hook on the car to hold each pole stationary along the top of the car when the pole was not in use and a "trolley catcher" — a reel and rope — to stop the pole from rising under pressure of the spring when it was released from the hook. There was evidence that the "trolley catcher" might stop the pole either the instant it was released or after it had gone part way up, that if the pole was under the hook it would be clear of the staging, that there was nothing under the bridge which would have caught the pole if it had been under the hook and that cars had passed under the staging without mishap.

Fellow employees of the plaintiff working on the bridge testified, in substance, that the car in question approached the bridge at a speed of about twenty miles an hour, that when it was approaching the bridge, and was about twenty feet away, the front pole, not then in use, was not under the hook, but was loose and swaying from side to side, that when the car passed under the bridge there was a "crash," a sound of steel being struck and timber broken, that the beam then broke — according to one witness it "was broken in halves with the pieces dangling in the ropes" — and that after the accident it "showed on its six inch side a mark

like a scrape along approximately its whole length" which it had not shown before the accident. There was evidence that the car stopped when the front part of it had passed under the bridge, that the front trolley pole was not held by anything but, at a point about three feet from its outer end, was bent southerly in a "hook" or "half circle" in contact with the bottom of the easterly girder of the bridge. The evidence varied in details and in important respects was contradictory, but in its aspect most favorable to the plaintiff clearly warranted the inference that the trolley pole was loose before and at the time the car passed under the bridge and, because loose, came in contact with the northerly beam of the staging. Nor is anything disclosed by the evidence which makes the inference unreasonable that that beam was broken by the impact of the trolley pole. Such conclusions would not be based on mere conjecture.

The evidence warranted the further finding that the trolley pole came in contact with the beam of the staging because of the defendant's negligence. It could have been found that the reasonable care which the defendant was required to exercise under the circumstances of this case to keep the idle trolley pole from striking the beam required the exercise of reasonable care, when the car passed under the bridge, to have the pole under the hook provided to hold it in place when not in use. From the fact, which could be found, that the pole was not under the hook when the car was approaching the bridge and from the testimony of the operator of the car that no operator could help noticing the swaying of the pole if it was off the hook, it could be inferred that the operator did not exercise the requisite care to see to it that the pole was fastened properly.

2. The defendant properly does not argue that the evidence as matter of law required a finding that its burden of proving contributory negligence on the part of the plaintiff was sustained. G. L. c. 231, § 85.

Second. There was no error in the denial of the defendant's motion for a directed verdict for lack of evidence that compensation was paid to the plaintiff under the

workmen's compensation law, or in the denial of its other motions and requests and the exclusion of evidence offered by it bearing upon the application of that law to the case.

G. L. c. 152, § 15 (amended after the accident and before the date of the writ by St. 1929, c. 326, § 1, in certain respects not here relevant), provides in part that "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee . . . ."

There was no reference to payment of compensation to the plaintiff under the workmen's compensation law in the writ, declaration or answer. Before the trial the defendant moved to amend its answer by adding an allegation to the effect that the alleged injury to the plaintiff was received in the course of the plaintiff's employment by The Phoenix Bridge Company, insured with The Ocean Accident and Guarantee Corporation, Limited, under the workmen's compensation law, and that the plaintiff has elected to proceed thereunder against the insurer and has agreed upon compensation to be paid to him. The record of the disposition of this motion is as follows: "Counsel for plff. having stated in open court that the action is brought for the benefit of Ocean Guarantee & Accident Co., Ltd., insurer of plff., the motion is denied." At the opening of the trial the defendant made a motion to amend its answer by adding an allegation that the plaintiff had proceeded under the workmen's compensation law and received compensation thereunder. This motion also was denied. The plaintiff, however, filed a so called "stipulation" stating, in substance, that at the time of the accident he was in the employ of The

Phoenix Bridge Company, insured under the workmen's compensation law by The Ocean Accident and Guarantee Corporation, Limited, that the plaintiff had made an agreement for compensation with the insurer and received compensation for the injury in question, and that the action was "being enforced in the plaintiff's name by the said insurer, and . . . any judgment obtained in this action shall be subject to an accounting as set forth" in the statute. When the plaintiff was on the witness stand the defendant, not in hearing of the jury, offered to show to the jury, by cross-examination of the plaintiff, that he had proceeded "against the insurer of his employer for compensation for the injury relied upon in this case and that such compensation had been paid to him." The defendant also offered in evidence, not in the hearing of the jury, certified copies of the record of the Industrial Accident Board showing agreements, approved by that board, between the plaintiff, as employee, and The Ocean Accident and Guarantee Corporation, Limited, as insurer, for the payment of compensation to the plaintiff. The evidence so offered, oral and documentary, was excluded upon objection of the plaintiff. No other evidence of payment of compensation under the workmen's compensation law was introduced. The defendant requested that its first motion to amend its answer and the order of the court denying it be read to the jury, and that this motion and the order made thereon be sent out to the jury when they should retire for their deliberation. The judge ordered that the plaintiff's "stipulation," above referred to, be filed as a part of the record in the case. The defendant requested that it be read to the jury. The defendant's requests were refused. The defendant excepted to the exclusion of the evidence, to the denial of its second motion to amend its answer, to the refusal of its requests that documents be read to the jury and sent out to them, and, as already stated, to the denial of its motion for a directed verdict.

The legal liability of a third person for an injury suffered by an employee is not created by the workmen's compensation law and is not discharged by the employee's election to

proceed against the insurer for compensation. The statute merely makes a transfer to the insurer of the employee's right to enforce such liability effective upon such insurer's paying compensation to the employee. The insurer, after such transfer, becomes, in substance, an assignee of the employee's cause of action. *Turnquist* v. *Hannon*, 219 Mass. 560, 565. As in the ordinary case of an action at law brought in the name of an assignor of a cause of action, it is immaterial to the defendant whether the plaintiff is the real party in interest or a nominal plaintiff suing for the benefit of another. *Chaves* v. *Weeks*, 242 Mass. 156, 158. It is not necessary to state in writ or declaration that the action is brought for the benefit of the assignee for, without such a statement, the cause of action is set forth completely. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 153. *Portland Gas Light Co.* v. *Ruud*, 242 Mass. 272, 276. See also *Kelly* v. *Greany*, 216 Mass. 296. There is nothing to the contrary in *Turnquist* v. *Hannon*, 219 Mass. 560, 565, or *Fidelity & Casualty Co. of New York* v. *Huse & Carlton, Inc.* 272 Mass. 448, 454, relied on by the defendant. In the latter case the insurer prosecuted the action in its own name and the principles governing an action brought by an assignee in the name of the assignor were not applicable.

The defendant's only justifiable interest in the question whether the plaintiff is a nominal or real party is in being protected against double liability and not being required to defend an action prosecuted without authority. The statements of the plaintiff in this case in open court and in the "stipulation" filed as a part of the record, if authorized, protected the defendant against double liability. Compare, as to the manner in which similar facts were brought to the attention of the court, *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 153, *Chaves* v. *Weeks*, 242 Mass. 156, 157–158, and *Christensen* v. *Bremer*, 263 Mass. 129, 133. These statements enabled the judge to see that the rights of the assignee and of the defendant were not prejudiced. See *American Carpet Lining Co.* v. *Chipman*, 146 Mass. 85, 388. A judgment in this action, if it was prosecuted with authority, would be a bar to another action b

employee or insurer to enforce the defendant's liability for the employee's injury. *Souffront* v. *Compagnie Des Sucreries de Porto Rico,* 217 U. S. 475, 487. *United States* v. *Candelaria,* 271 U. S. 432, 444. See *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 153; *Chaves* v. *Weeks,* 242 Mass. 156, 159. The authority of an assignee to prosecute an action at law in the name of his assignor is a preliminary question to be heard and determined by the judge, not a matter for the consideration of the jury. *Palmer* v. *Whitney,* 166 Mass. 306, 309–310. See also *Moore* v. *Spiegel,* 143 Mass. 413, 417; *American Carpet Lining Co.* v. *Chipman,* 146 Mass. 385, 388. This principle is applicable to an action by an insurer in the name of an employee. Payment of compensation by the insurer to the employee is a condition precedent to the right of such insurer to prosecute the action. The question of authority was so treated in *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, and *Chaves* v. *Weeks,* 242 Mass. 156. *Portland Gas Light Co.* v. *Ruud,* 242 Mass. 272, and *Christensen* v. *Bremer,* 263 Mass. 129, are not inconsistent with this principle, though in those cases facts in regard to payment of compensation to the employee were before the jury. The decisions in *Barry* v. *Bay State Street Railway,* 222 Mass. 366, *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547, and *Vatalaro* v. *Thomas,* 262 Mass. 383, that the actions could not be maintained by the employees because they had received compensation under the workmen's compensation law, were made by the judge. In no one of those cases was there any objection to the method by which the question was raised.

The rulings of the judge were correct in accordance with the principles stated. No question is before us as to the denial of the defendant's first motion to amend its answer since no exception was taken to such denial. The second motion to amend its answer by adding thereto allegations that the plaintiff has proceeded under the workmen's compensation law and received compensation thereunder was denied rightly. This point is settled directly by *Chaves* v. *Weeks,* 242 Mass. 156, where the allowance by the trial court of a motion to strike from the answer an allega-

tion that the plaintiff — the administratrix of an employee — having received compensation under the workmen's compensation law was barred from recovery in that action was sustained. This court there said that it was "immaterial that the administratrix was merely a nominal plaintiff," and that the averments struck from the answer "had no bearing on any issue in the case and the plaintiff had the right to have the case tried without reference to any matters which might be prejudicial or irrelevant." Page 158. See also *Christensen* v. *Bremer*, 263 Mass. 129, 133–134. So also the evidence offered was excluded rightly since it was not relevant to any issue triable by the jury. See *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 154. The order of the court on the first motion to amend and the "stipulation" filed in the case stood no better than the evidence excluded and properly were not read to the jury or sent out with them. Though the oral statement of counsel for the plaintiff, referred to in the order, and the "stipulation" resembled pleadings in some respects, they were not strictly pleadings. Consequently we need not consider whether the practice of sending pleadings to the jury is founded on right rather than upon discretionary authority. See *Woodworth* v. *Fuller*, 235 Mass. 443, 446. Nor was the defendant entitled to a directed verdict by reason of lack of proof of payment of compensation to the employee. Such proof was not here an essential part of the plaintiff's case triable by the jury. The issue before the jury was the same as if there had been no workmen's compensation law. So far as *Creamer* v. *Lott*, 124 Maine, 118, relied on by the defendant, is *contra*, it is not in accord with the principles governing our decisions.

*Exceptions overruled.*