Rosa B. Furlong, administratrix, *vs.* Gladys Cronan.

Essex.    January 2, 1940. — March 26, 1940.

Present: Field, C.J., Qua, Dolan, Cox, & Ronan, JJ.

*Practice, Civil,* Report. *Workmen's Compensation Act,* Action against third person. *Actionable Tort.*

Upon a report by a judge under G. L. (Ter. Ed.) c. 231, § 111, upon facts agreed to by the parties and found by the judge, of his action sustaining a defence sought to be raised by a pleading improperly entitled, this court had power, whether the action of the judge was regarded as interlocutory or as final, to take such action as should accord with its determination.

An insurer under the workmen's compensation act could maintain an action against a third person under § 15 if, before trial, it had paid compensation upon a claim filed by the employee under the act before the action was begun although no compensation had been paid to the employee when the action was begun, if it appeared that the employee's claim was filed so late that, because of a pertinent statute of limitations, the insurer, to make a payment of compensation before the cause of action would have expired by limitation, would have had to pay without having an opportunity to obtain an adjudication of the merits of the employee's claim under the act.

Tort. Writ in the First District Court of Essex dated February 27, 1935.

After removal to the Superior Court, *Williams,* J., made a report under G. L. (Ter. Ed.) c. 231, § 111.

*W. I. Badger,* (*J. F. Drum* with him,) for the plaintiff.
*W. R. Donovan,* for the defendant.

Qua, J. The declaration alleges that the death of the plaintiff's intestate on February 28, 1934, resulted from the negligent operation by the defendant of an automobile at Middleton on December 22, 1933. This action was brought on February 27, 1935, which date was barely within the year after the death allowed for bringing such actions by G. L. (Ter. Ed.) c. 229, § 5, taken in connection with G. L. (Ter. Ed.) c. 260, § 4, as amended.

At the pre-trial hearing, on December 6, 1938, the defendant filed a paper, called in its title "Motion to Dismiss,"

and referred to in the report as "Plea to the Jurisdiction," wherein the defendant alleged, in substance, that the action could not be maintained for the benefit of anyone, and therefore could not be maintained at all, because the administratrix, in whose name it was brought, had, before the action was commenced, elected to claim compensation for the death under the workmen's compensation law from the insurer of her intestate's employer, and because that insurer, for whose benefit, if it had paid compensation, the action might have been prosecuted under G. L. (Ter. Ed.) c. 152, § 15, had neither paid nor agreed to pay compensation until after this action was instituted. Thereafter the parties agreed that the trial of all issues other than those raised by the "plea" might be postponed until after the merits of the "plea" had been finally determined by this court, and also agreed upon all the material facts "bearing upon the determination of the merits of said plea," and agreed that the court might find such to be the facts, might rule upon the "plea" and report the case to this court before further proceedings were taken. The judge found the facts as agreed, sustained the "plea," and reported the case.

The "plea" was miscalled a "Plea to the Jurisdiction." There was no doubt of the plenary jurisdiction of the court to deal with the parties and the subject matter, and no question of jurisdiction was raised. Nor was this paper a motion to dismiss in the ordinary technical sense, as it introduced matter not apparent on the face of the record. *Graustein* v. *Boston & Maine Railroad*, 304 Mass. 23, 25. It is unnecessary to discuss the question whether the matter set up was technically pleaded as matter in abatement or as matter in bar. *White* v. *E. T. Slattery Co.* 236 Mass. 28. It would seem that a complete and final defence to the cause of action was intended. As to so called pleas in bar in civil actions at law under our present practice see *Gallo* v. *Foley*, 299 Mass. 1, 4. At all events, it appears that the parties have, by their own choice, had a trial before the judge in a manner selected by themselves on the basis of the so called "plea," and that the judge has found the facts which both

parties desired him to find. *Young* v. *Duncan*, 218 Mass. 346. The case is here under G. L. (Ter. Ed.) c. 231, § 111, whether the order of the judge sustaining the "plea" is regarded as interlocutory or as final, and this court may direct that such action be taken as shall accord with its determination. G. L. (Ter. Ed.) c. 231, § 124.

The material facts upon which the judge made his ruling are these: The plaintiff is the widow and sole heir of the deceased. The deceased was employed by the Metropolitan Life Insurance Company, which carried workmen's compensation insurance in the Travelers Insurance Company. On September 21, 1934, nearly seven months after the death of her husband, the plaintiff filed a claim for compensation under the act, alleging that his death arose out of and in the course of his employment by the Metropolitan. The Travelers as insurer of the Metropolitan contested the claim. After a hearing, the Industrial Accident Board, on April 2, 1935, decided in favor of the claimant, now the nominal plaintiff. The Travelers made its first payment to the plaintiff on May 14, 1935. This was seventy-six days after this action was begun and seventy-five days after the cause of action would have been lost by limitation, if steps had not been taken to enforce it. But the claim for compensation had been filed before this action was brought, and the action was brought by the attorneys for the Travelers with the consent of the plaintiff.

Section 15 of the workmen's compensation law, G. L. (Ter. Ed.) c. 152, before amendment by St. 1939, c. 401, read in part as follows: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee,

four fifths of the excess shall be paid to the employee
. . . ." See also § 23. The question to be decided is
whether the Travelers, as compensation insurer, lost the
benefit of § 15, because it had not paid compensation until
after this action was brought.

By enacting § 15 the Legislature intended to accomplish
two objects. It intended (1) to compel the employee, or his
administrator (*Turnquist* v. *Hannon*, 219 Mass. 560, 563,
564; G. L. [Ter. Ed.] c. 152, § 1 [4]), to make a final and
binding election either to proceed at law against the person
legally liable or to seek compensation under the act, and it
intended (2) to preserve the cause of action at law for the
benefit of the insurer, if the employee chose compensation,
in order that the person legally at fault might not escape.
In this case the administratrix made a binding and final
election to abandon her rights at law and to rely upon com-
pensation. She made this election the moment she filed her
claim for compensation. From that moment she perma-
nently lost all interest in the cause of action against the
defendant, except the possibility of sharing in any amount
recovered in excess of the sum required to reimburse the
insurer for compensation paid. *Tocci's Case*, 269 Mass. 221.
*Jordan* v. *Orcutt*, 279 Mass. 413, 415. *Miller* v. *Richards*,
*ante*, 424. G. L. (Ter. Ed.) c. 152, § 15. (We need not
consider in this case any possible effect of the amendment
of § 15 by St. 1939, c. 401.) See also G. L. (Ter. Ed.)
c. 152, § 23. From the moment of election the occasion
arose for preserving the right of action for the benefit of the
insurer. In most cases there would be no occasion for con-
troversy about this, as the insurer would have begun paying
compensation before it became necessary to bring an action
at law. But in this case the period within which the action
must be brought was so short and the administratrix' claim
for compensation was filed so late that the insurer would
have had to begin payments before securing a determination
of its liability to make them, if it had begun payments before
the cause of action at law would have expired.

The important words of § 15 are: "If compensation be
paid under this chapter, the insurer may enforce . . . the

liability of such other person." There is here no express restriction or limitation upon the right of the insurer to "enforce" the liability of the third person, except that it must pay at least some amount of compensation (*Chaves* v. *Weeks,* 242 Mass. 156, 158) before the enforcement of the liability of the third person becomes a completed fact. There is in the words of the section no suggestion that as a condition of enforcement the insurer must lose its fundamental right to a decision as to its liability under other sections of the compensation law. To deprive it of that right is unnecessary and unjust. Section 15 should be construed liberally to accomplish the purposes for which it was enacted. The insurer's power to "enforce" the liability of the third person should be construed as including by implication the incidental right to preserve the power by bringing the action against the third person before compensation is actually paid, at least in cases where, as here, the employee or his administrator has already elected to take compensation and where it is necessary to commence the suit in order to prevent the loss of the insurer's substantial rights under § 15 and other sections of the compensation law. The words of § 15 ought not to be construed so narrowly as to defeat the purpose of that section in a class of cases like the present case. A construction contrary to that here given would impair or defeat the accomplishment of one of the purposes of the section, because it would either compel the insurer to pay compensation before its liability to pay would be determined or it would deprive the insurer of its remedy against the original wrongdoer and would allow the wrongdoer to escape altogether. Moreover, bearing in mind that the employee's election is made by the mere filing of a claim for compensation, and that some time must commonly elapse between the filing of the claim and the making of the first payment, if our construction of § 15 is not correct it would follow that there would be an interval during which no one would own the cause of action at law or be entitled to sue upon it. In *Becker* v. *Eastern Massachusetts Street Railway,* 279 Mass. 435, at pages 441, 442, we said: "The legal liability of a third person for an injury suffered by an employee is not

created by the workmen's compensation law and is not discharged by the employee's election to proceed against the insurer for compensation. The statute merely makes a transfer to the insurer of the employee's right to enforce such liability effective upon such insurer's paying compensation to the employee. The insurer, after such transfer, becomes, in substance, an assignee of the employee's cause of action." At least in a case like the case at bar the transfer should be deemed to take place when the employee's election is made, subject to the condition that the insurer cannot avail itself of the cause of action to the extent of actual recovery until compensation is paid.

No difficulty need be apprehended in permitting the insurer to bring suit in season to avoid the loss of the cause of action and at the same time in observing the condition of § 15 that the insurer may enforce the third party's liability only "If compensation be paid." After the action has been commenced the court may exercise control over it by postponing the trial, continuing the case for judgment after trial, or in any other appropriate manner so as to insure that there shall be no recovery until compensation has actually been paid. The right of the insurer to prosecute the action in the name of the employee or his administrator is treated as a matter to be determined by the judge and as distinct from the issues to be decided by the jury at the trial of the action itself. *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 443, 444, and cases cited. *Murray* v. *Rossmeisl*, 284 Mass. 263, 267. *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 176. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 264.

There are statements in some of the decisions like that in *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 443, that "Payment of compensation by the insurer . . . is a condition precedent to the right of such insurer to prosecute the action." *Murray* v. *Rossmeisl*, 284 Mass. 263, 267. *Turnquist* v. *Hannon*, 219 Mass. 560, 565. *Chaves* v. *Weeks*, 242 Mass. 156, 158. *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 272 Mass. 448, 452, 453. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 581–582. These

statements are not inconsistent with what is now decided. The question here presented as to the bringing of the action in time to avoid loss of the statutory right did not arise in those cases. The statements referred to are merely iterations of the general principle embodied in § 15 that the right of the insurer to recover against the third party depends ultimately upon the payment by the insurer of compensation.

The order sustaining the defendant's "plea" is reversed, and the case is to stand for trial.

*So ordered.*