WALTER M. BAKER and CARL RUSSELL, Respondents, v. ROBBINS-RIPLEY CORPORATION, Appellant.— The action is for damages for personal injuries sustained by plaintiffs when they were attaching a cross beam to steel columns. Defendant placed lag bolts in the wooden base upon which one of the columns was to be erected. These bolts were used to attach the column to the base. Plaintiff Baker climbed to the top of the column attached in the manner indicated, and plaintiff Russell climbed to the top of the other column attached by another method, with which we are not concerned. When plaintiffs were engaged in attaching the cross beam to the top of both columns, the column on which Baker was working fell, carrying the cross beam with it and precipitating both plaintiffs to the pier and injuring them. The lag bolt used had the appearance of an anchor bolt, and, relying upon the assumption that it was an anchor bolt, plaintiffs attached the column in the usual way. The court found the column fell because of the use of the lag bolt, which had been imbedded in rotten wood, and that defendant failed to notify plaintiffs or their employer that the bolt used was not an anchor bolt. Judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Carswell, Davis, Johnston, Adel and Close, JJ.

BANK OF HUNTINGTON AND TRUST COMPANY (Formerly BANK OF HUNTINGTON), Individually and as Surviving Executor and Trustee under the Last Will and Testament of HENRY S. BRUSH, MARTHA JANE NEWCOMB, EDNA L. BRUSH, Plaintiffs, and JOHANNA NEIHEISER, Respondent, v. FRANK BORNN, Appellant; ANDREW S. McDOWELL, JULIA MAY BORNN, Defendants.— Order of the County Court of Suffolk county fixing value of premises in the sum of $30,000 in a proceeding brought pursuant to section 1083-a of the Civil Practice Act and directing entry of a deficiency judgment in favor of the respondent, based upon such value, and judgment entered accordingly, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

HARRY BRESLOW, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— In an action for reformation of insurance policies so as to incorporate therein disability provisions in accordance with the desire of the insured as contained in his applications therefor, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Adel and Close, JJ.