NATHAN REZNIKOFF, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Appeal from an order granting plaintiff's motion that the court adopt the advisory verdict of the jury, and from

the judgment entered thereon in favor of the plaintiff in an action to reform a policy of disability insurance and to recover thereunder. The complaint alleged a cause of action in reformation and a second cause of action based on the estoppel of the defendant to set up a defense of misrepresentation, and upon the immateriality of the representations. The defendant counterclaimed for rescission because of the plaintiff's failure to state in his application that he had been hospitalized for cerebro-spinal meningitis within seven months of the application. Although the plaintiff testified that he had given the true information to the defendant's agent and to the medical examiner, yet he failed to show that there was any understanding or agreement existing prior to the formation of the contract of insurance. The contract was not formed until the payment of the first premium (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, affd. 227 N. Y. 575; *Breslow* v. *Equitable Life Assur. Soc. of U. S.*, 252 App. Div. 791), and the plaintiff having failed to show any oral agreement or understanding prior thereto is not entitled to reformation. (*Curtis* v. *Albee*, 167 N. Y. 360.) The defendant was not estopped to show the falsity of the answers in the medical application by reason of the alleged knowledge of its agents, or estopped to deny their authority, since prior to the formation of the contract the plaintiff was given notice in the application which was annexed to the policy, when delivered, of the limitation of the agents' authority. (*Bollard* v. *New York Life Ins. Co.*, 98 Misc. 286, affd. 182 App. Div. 915, affd. 228 N. Y. 521; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333.) The misrepresentations, even if made innocently, were on this application in 1930 material to the risk, since they prevented the defendant from exercising its choice. (*Geer* v. *Union Mut. Life Ins. Co.*, 273 N. Y. 261; *Kuritzky* v. *National Cas. Co.*, 261 App. Div. 1083.) Even if their materiality were a question of fact for the jury, yet the defendant was entitled to a direction of a verdict in its favor on the uncontradicted testimony as to its established policy of rejecting applications for disability insurance with a history of cerebro-spinal meningitis, within five years preceding the application. (Insurance Law, § 149, subd. 2.) The order and judgment are reversed on the law and the facts, with costs, the motion is denied, and judgment is directed for the appellant on its counterclaim, with costs, which judgment shall become effective upon the return to the plaintiff of the premiums allocable to the double indemnity and disability provisions of the policy, with interest thereon. Findings of fact 8 and 13 are reversed and all conclusions of law disapproved. New findings and conclusions will be made. Settle order on notice within five days from the date of this decision. Close, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. [See *post,* p. 871.]