## BRAYER et al. v. JOHN HANCOCK MUT LIFE INS. CO.

### No. 115, Docket 21490.

United States Court of Appeals Second Circuit.

Argued Jan. 3, 1950.

Decided Feb. 6, 1950.

Roy P. Ohlin, of Buffalo, N. Y. (Dudley, Stowe & Sawyer and William B. H. Sawyer, all of Buffalo, N. Y., on the brief), for defendant-appellant.

Frank G. Raichle, of Buffalo, N. Y. (Raichle, Tucker & Moore and James O. Moore, Jr., all of Buffalo, N. Y., on the brief), for plaintiffs-appellees.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an action to recover on a policy of insurance issued by the defendant on the life of E. Harold Brayer, of whose will plaintiffs are the executors. The defense is on the ground that the policy was void because of material misrepresentations by Brayer, the insured, in his application for the policy. The trial court denied motions by both parties for a directed verdict and submitted the general questions to the jury, who brought in a verdict for the plaintiffs. Defendant's motions to set aside the verdict of the jury and either direct a verdict for it or order a new trial were denied, and it now appeals from the resulting judgment for the plaintiffs.

The relevant questions and answers on the application are as follows:

"11. Have you ever had or been told that you had, or consulted or been treated by a physician or other practitioner for any of the following:

\* \* \* \* \* \*

"F. Stomach or Intestinal Trouble, Indigestion, Ulcers, Appendicitis, Gall Bladder or Liver Disorder, Jaundice, Dysentery or Hernia? Yes.

\* \* \* \* \* \*

"12. Have you ever had any X-ray, electrocardiographic or blood examinations or studies? Yes.

"13. Have you, during the past five years, consulted any physician or other practitioner, or been confined to or treated in any hospital, sanatorium, dispensary, clinic or similar institution not stated in answers to Questions 11 and 12? Yes.

"Use the space below to give full details if any part of Questions 11–13 is answered 'Yes.' Specify every illness, injury, deformity or operation with dates, duration, severity, results, the names and addresses of any physicians or other practitioners, and hospitals, etc.

"Gastro-enteritis, Dec. 1946—cleared up in 12 days.

"Tonsillectomy and removal of a lymph gland of neck 1907.

"X-rays and E. K. G. at Buffalo General Hosp. Dec. 1946—normal.

"Dr. Wm. Daley—gastro enteritis—Buffalo General Hospital."

This application was made on October 5, 1947, and the policy was issued October 23, 1947. On June 24, 1948, the insured died of a cerebral hemorrhage. Defendant, in declining to pay the policy, urges that the insured had made three misrepresentations in connection with his illness in December, 1946: that his illness was actually diagnosed as pancreatitis, a serious disease, and he had disclosed only gastroenteritis, which is not a serious disease; that the duration of the illness was considerably longer than twelve days; and that in addition to Dr. Daley the insured had consulted a specialist, a Dr. A. H. Aaron. Defendant claims that had it known these facts it would not have issued the policy, and that thus the misrepresentations were material, as defined in N. Y. Insurance Law, Consol.Laws, c. 28, § 149(2).

From the undisputed facts as to this illness it appears that the insured had had serious indigestion, and had called in Dr. Daley. Dr. Daley treated him with sedatives and like remedies and, when these failed to effect a cure, sent him to the hospital. While he was in the hospital Dr. Daley called in Dr. Aaron, a specialist in intestinal disorders, who examined him four times and diagnosed his malady as both gastroenteritis and pancreatitis. Neither Dr. Daley nor Dr. Aaron told the insured that he had pancreatitis, although that fact did appear on the hospital record. At the end of twelve days the insured was well enough to leave the hospital, although not to return to work until after a month's vacation in Florida. Upon his return he was actively engaged in his business until his death. His age at death was 48.

■ These facts, together with others not relevant to our present issue, were presented to the jury, and resulted in their verdict for the plaintiffs. Defendant not only urges that there should have been a directed verdict in its favor because these were material misrepresentations as a matter of law, but contends that in any event there must be a new trial because of alleged errors in the charge. We conclude,

however, that on these uncontroverted facts there should have been a directed verdict for the plaintiffs, and hence defendant cannot complain of the submission to the jury which resulted in a verdict against it.

■ It is a commonplace of insurance law that "the insured is required to disclose only information within his knowledge, and if he fails to inform the company that he has been treated for a certain disorder when he is not even aware that such disorder exists, the company is not relieved of liability." 1 Appleman on Insurance Law and Practice, § 247, 1941. This is an adequate answer to the charge that the insured had misrepresented the facts by mentioning only gastroenteritis when he had been diagnosed as having gastroenteritis and pancreatitis. There is no evidence whatever that the insured ever knew that he had had pancreatitis; the only testimony at all relevant is that of Dr. Daley, who said he never told the insured of this. Had the insured known, it is possible that he should still be excused for not having mentioned the pancreatitis on the application, since it is a frequently occurring incident of gastroenteritis and an applicant for insurance can hardly be expected to list every affected part of the body in mentioning an illness. As it is, we do not reach that question. On the facts as they were presented, the trial judge should have held that there was no misrepresentation in the insured's omission to mention the pancreatitis.

■ As to the representation that the illness "cleared up in twelve days" the natural meaning is that the applicant was able to leave the hospital after twelve days. A layman cannot be expected to add to the duration of illness the time spent, after discharge from a hospital, on an active vacation in Florida. Nor is it strange that he should omit mention of the few days before entering the hospital during which the doctor was giving him sedatives. The answer here is particularly understandable, since it was given in conjunction with other details of the hospital stay. We hold that as a matter of law this was not a misrepresentation within the meaning of N. Y. Insurance Law, § 149(1).

928

The final alleged misrepresentation is the omission of Dr. Aaron's name, when the application had called for the names of all physicians the applicant had "consulted." It does not appear to us reasonable, however, to hold that when an insurer asks an applicant what physicians he has "consulted" he must state every collaborator with the attending physician whom he does disclose in his answer. The testimony of the two doctors makes it clear that it was Dr. Daley, not his patient, who called in Dr. Aaron and who consulted Dr. Aaron. Dr. Aaron was summoned to make a diagnosis and to decide whether the malady was surgical or nonsurgical. His advice was given to Dr. Daley, who could determine what use to make of it. Even where a patient has actually been treated by more than one physician for the same illness, there is authority for the view that the failure to include all the names on an insurance application will not vitiate the policy. 1 Appleman, op. cit. supra § 254. Here Dr. Aaron did not treat the patient; and within any reasonable meaning of the term "consult," he was not consulted by the patient. Cf. Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 164 F.2d 660, 666, 667. Thus there was no misrepresentation in the omission of his name.

Of course it is quite possible that while a hospital treatment of twelve days for gastroenteritis might not seem serious to the insurer, mention of these surrounding circumstances would have put a different face upon the matter. Yet the information given by the applicant—supplemented by his statement that he had had X-rays and "E. K. G." examinations—was enough to put defendant on notice that he had been definitely ill. Defendant had authorization from him to inspect his hospital records, and he was in fact examined by a company doctor. Thus defendant could have made further inquiry about the illness with ease. A policy ordinarily cannot be defeated on the ground of the falsity of answers as to health or physical condition where enough is stated to reveal the true facts or to put insurer on inquiry. 45 C.J.S., Insurance, § 602. Here the answers were not false, but were truthful and complete to the best of the applicant's knowledge and understanding of the questions.

The burden of proof of the affirmative defense of misrepresentation is on the insurer. Keck v. Metropolitan Life Ins. Co., 238 App.Div. 538, 264 N.Y.S. 892, affirmed without opinion 264 N.Y. 422, 191 N.E. 495; Rosenthal v. Prudential Ins. Co. of America, Sup., 45 N.Y.S.2d 201; McDermott v. Metropolitan Life Ins. Co., Sup., 8 N.Y.S.2d 896, affirmed 261 App.Div. 950, 27 N.Y.S.2d 462. "There must be a preponderance of clear and convincing evidence, in order to establish fraud, concealment, or misrepresentation on the part of insured in procuring the insurance. * * * Such fraud or misrepresentation will not be assumed on doubtful evidence or circumstances of mere suspicion, and, if, in the questions and answers by an applicant, there is an ambiguity for which the company is responsible, it is to be resolved against the company in determining whether the answers are false." 46 C.J.S., Insurance, § 1355; 21 Appleman, op. cit. supra § 12429.

Here the insurance company not only failed to meet the burden of proof, but indeed failed to make out a *prima facie* case. Thus a verdict should have been directed for plaintiffs. Mischler v. New York Life Ins. Co., 148 Misc. 64, 264 N.Y.S. 124; Malchak v. Metropolitan Life Ins. Co., 134 Misc. 640, 236 N.Y.S. 300; N.Y. Civil Practice Act, § 457-a(1); 22 Appleman, op. cit. supra § 12855; 29 Am.Jur., Insurance, § 1526; 46 C.J.S., Insurance, § 1372. Even on the question of the materiality of a misrepresentation, said to be "always for the jury," Ketchum & Co. v. State Mut. Life Assur. Co. of Worcester, Mass., 2 Cir., 162 F.2d 977, 979, a directed verdict has been held to be proper where the relevant evidence is uncontradicted. Reznikoff v. Equitable Life Assur. Soc. of U. S., 267 App.Div. 785, 45 N.Y.S.2d 650, affirmed 294 N.Y. 935, 63 N.E.2d 121; Bufano v. Metropolitan Life Ins. Co., Sup. App.T., 65 N.Y.S.2d 790; Peck v. Metropolitan Life Ins. Co., Sup., 38 N.Y.S.2d 311. In like case, where, as here, the relevant evidence as to misrepresentation is uncontradicted and it does not legally justify the

charge, the plaintiffs are entitled to a direction in their favor. Hence there is no reversible error in the record on this appeal.

Judgment affirmed.