■    RUTH ETTMAN, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Appeal, by permission of this court, from an order of the Appellate Term, which affirmed an order of the City Court of the City of New York, County of Queens, denying appellant's motion to dismiss the complaint, notwithstanding the failure of the jury to agree on a verdict (Civ. Prac. Act, § 457-a). The action was brought by the beneficiary to recover the proceeds of two policies issued by appellant on the life of her husband, now deceased. Order of the Appellate Term reversed on the law, without costs in this court and in the Appellate Term, order of the City Court reversed and motion to dismiss the complaint granted. The insured was treated for a myocardial infarction by a general medical practitioner on December 20, 1950 after the practitioner had consulted a cardiologist, who also attended the insured. An electrocardiogram taken at that time showed auricular fibrillation. The general practitioner continued to care for the

insured for the same ailment on visits to the insured's home on eight occasions from December, 1950 to January, 1951. The insured came to the cardiologist's office on February 3, 1951, March 13, 1951, and August 9, 1951. His symptoms constituted, according to the cardiologist, a history of angina pectoris. The insured was in a hospital between April 24, 1952 and May 1, 1952, after giving to a doctor a history of shortness of breath and of feeling a little tired. An electrocardiogram taken at that time suggested myocardial disease. The hospital record discloses a history of precordial pain associated with shortness of breath. The insured was attended and treated by another local medical doctor for coronary artery disease on seven occasions between January, 1954 and January, 1955. The electrocardiogram taken by this doctor was interpreted by him as showing auricular fibrillation, left ventricular strain and hypertrophy and coronary insufficiency. The insured entered a hospital on January 27, 1955 and died there on February 3, 1955 of coronary occlusion or thrombosis. In a history taken at that hospital admission it is stated that he had been suffering from angina pectoris for three years and had been taking nitro-glycerine. The policies were applied for by applications made in part on November 25, 1954 and in part on December 1, 1954. They were issued December 10, 1954. In these applications the insured represented that he had never been treated for any disease of the heart, that he had never consulted a physician about pain in the chest or shortness of breath, that, save for an immaterial exception, he had never been in a hospital, that he never had an electrocardiogram, and had not consulted or been treated by any physician during the past five years. Irrespective of whether the insured was actually suffering from heart disease, the misrepresentations were material in that he had been treated for such disease on many occasions, had been in a hospital and had had electrocardiograms made (Insurance Law, § 149, subd. 4; *Tolar v. Metropolitan Life Ins. Co.*, 297 N. Y. 441). In the light of all of the circumstances and the uncontradicted proof that appellant would have rejected the applications if appellant had been furnished the information that it sought, the complaint should have been dismissed as a matter of law (*Reznikoff v. Equitable Life Assur. Soc. of U. S.*, 267 App. Div. 785, affd. 294 N. Y. 935; *Cherkes v. Postal Life Ins. Co.*, 285 App. Div. 514, affd. 309 N. Y. 964; *Katz v. Equitable Life Assur. Soc. of U. S.*, 279 App. Div. 916; *Home Life Ins. Co. v. Kupfer*, 281 App. Div. 685). Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm the order of the Appellate Term, with the following memorandum: If the insured did not have heart disease, the misrepresentation that he had not been treated therefor was not material. Although an insurance company may not be required to prove that an insured had a condition for which he received treatment (*Tolar v. Metropolitan Life Ins. Co.*, 297 N. Y. 441), a beneficiary should be permitted to prove that the insured did not have the condition for which he was treated. The evidence in this record is sufficient to present a question of fact as to whether the insured had heart disease. [9 Misc 2d 960.]