ANTHONY P. CAPOZZI'S CASE.

Suffolk.    April 15, 1976. — May 28, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Workmen's Compensation Act,* Action against third person, Election of remedy. *Estoppel.*

Where an employee notified a self-insurer that he intended to discontinue an action at law against a third party and file a workmen's compensation claim but, upon request by the self-insurer, he did not discontinue the action at law, it was open to the Industrial Accident Board to consider whether the self-insurer was estopped from asserting the discontinuance requirement of G. L. c. 152, § 15, as a bar to the employee's claim. [345-347]

Evidence that an employee notified a self-insurer that he intended to discontinue an action at law against a third party and to file a workmen's compensation claim and that the employee failed to discontinue the action as a result of the self-insurer's insistence supported the Industrial Accident Board's finding that the insurer was estopped from asserting the discontinuance requirement of G. L. c. 152, § 15, as a bar to the employee's claim. [347-348]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Nelson, J.*

The case was submitted on briefs.

*George J. Shagory* for the self-insurer.

*Paul A. Gargano* for the employee.

HALE, C.J.   This is an appeal by a self-insurer from a judgment of the Superior Court which affirmed an award of compensation to Anthony Capozzi (employee) by the Industrial Accident Board (board).

We summarize the findings of the single member which were adopted by the reviewing board. The employee, a truck driver for the self-insurer, was injured during a delivery of cargo at the Braintree warehouse of Bradlee's, Inc. (the third party), on March 6, 1970. The employee commenced an action at law against the third party on February 5, 1971. He had not previously filed a claim for compensation with the self-insurer. By letters dated January 4, 1972, with compensation claim forms attached, the employee notified the Division of Industrial Accidents and the self-insurer of his intentions to discontinue the action at law and file a compensation claim. The letter to the self-insurer stated in part, "As I have communicated to you previously, my client has elected to file [a] claim for Workmen's Compensation and I am discontinuing his third party action which is pending in the Suffolk Superior Court...." In a letter dated January 13, 1972, the attorney for the self-insurer took notice of the January 4 letter and returned a copy of the compensation claim form. His letter stated in part, "I have noted your comment in your letter of January 4, 1972, that you are discontinuing the pending

third party action. I very strongly urge that you do not do this, since the Statute of Limitations will very shortly run, and you will run a substantial risk of prejudicing the self-insurer's third party's [*sic*] rights under Sections 15 and 18, which could well prove an absolute defense to your compensation claim. If the employee definitely wishes to change his election, kindly contact this office and we will make some arrangement to file an appearance in the pending third party case and pursue same."

An exchange of correspondence followed between the attorneys for the employee and the self-insurer concerning the employee's action at law. That correspondence indicated a continuing intention on the part of the self-insurer to file an appearance in the third-party action and the employee's expectation that it would do so. The employee did not discontinue the action but did forward the litigation file to counsel for the self-insurer.

The self-insurer argued before the single member, as it does before this court, that the failure of the employee to discontinue the third-party action before filing his compensation claim barred the assertion of that claim. The self-insurer argues that G. L. c. 152, § 15, as then in effect, required the employee to make a binding election between his rights against the third party at law and his rights against the self-insurer under workmen's compensation.[1] The self-insurer contends that the employee could have avoided that election only by a formal discontinuance of his action at law, directing our attention to the following portion of § 15: "An employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall after notice to the insurer discontinue such action, provided that upon pay-

---

[1] At the time of the injury, G. L. c. 152, § 15, as amended through St. 1965, c. 487, § 1A, governed the employee's choice between an action at law against a third party and a compensation claim. But see now G. L. c. 152, § 15, as amended through St. 1971, c. 888, and as further amended by St. 1971, c. 941, § 1, abolishing that election for causes of action arising on or after January 12, 1972.

ment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided." The single member described the January 4, 1972, letter from the employee to the self-insurer as a "notification, change of election and discontinuance of the third party tort action." She further found that the self-insurer was estopped to assert that the failure to discontinue the action at law barred recovery under workmen's compensation. She found that "the self-insurer directed the employee not to discontinue the civil action and further caused him to believe that the outstanding tort action would be assumed by the self-insurer."

In reviewing an award by the reviewing board "this court must sustain the findings of the . . . [board] and they are final unless they are wholly lacking in evidential support or tainted by error of law. . . ." *Hachadourian's Case*, 340 Mass. 81, 85 (1959). *McEwen's Case*, 369 Mass. 851, 853 (1976).

We consider first the self-insurer's contention that, as a matter of law, it is not estopped from asserting the absence of a discontinuance in the action at law as a bar to the workmen's compensation claim. While no case decided by the Supreme Judicial Court explicitly permits the assertion of an estoppel in these circumstances, no case absolutely precludes such an assertion.[2] We find the cases cited by the self-insurer to be distinguishable. In *Broderick's Case*, 320 Mass. 149 (1946), the court concluded that the employee's discontinuance of his action at law was too late to satisfy the requirements of G. L. c. 152, § 15, as then in effect. The employee had been injured on April 16, 1943, and had commenced an action at law against a third party on April 6, 1944, ten days before the statute of limitations was to expire as to the tort action. He had filed his com-

---

[2] In *DeSisto's Case*, 351 Mass. 348 (1966), the court refused to allow an estoppel against an employee who had failed to give the third party a snow and ice notice under G. L. c. 84, § 21. It gave no indication of the circumstances under which an estoppel could be asserted in connection with § 15.

pensation claim on August 29, 1944, and, on March 6, 1945, notified the insurer of his intention to discontinue the tort action. The actual discontinuance took place on March 22, 1945. As the employee had not attempted to discontinue his action at law until almost a year after the statute of limitations had run, the insurer had not had the opportunity afforded by § 15 to protect its rights against the third party. The court also rejected the employee's argument that the insurer could have protected its rights by taking over the action after the notification but before the actual discontinuance.

In the present case the employee gave notice to the self-insurer of his intent to discontinue the action more than two months before the running of the statute of limitations. He had the right to discontinue at that time, and *Broderick* would not have applied. We also distinguish *Tocci's Case*, 269 Mass. 221 (1929) (which was concerned with the effect of G. L. c. 152, § 15, prior to the amendment thereof by St. 1929, c. 326, § 1, which added the provision for discontinuance); *Leist's Case*, 350 Mass. 465 (1966) (employee could file a compensation claim, although she discontinued her tort action more than nine months after the injury, as the insurer's cause of action against the third party was still viable and hence the insurer was not prejudiced in that respect); and *Richard* v. *Arsenault*, 349 Mass. 521 (1965) (disposition of settlement in excess of compensation claim).

The allowance of an estoppel against the self-insurer in the circumstances of this case would not interfere with the purposes of the § 15 election of remedies. "Section 15 should be construed liberally to accomplish the purposes for which it was enacted." *Furlong* v. *Cronan*, 305 Mass. 464, 468 (1940). As stated in *Furlong*, the purposes of § 15 were (1) to compel an employee to make a choice between proceeding at law and compensation and (2) to preserve the cause of action against the third party for the benefit of the insurer. *Id.* at 467.[3] Those purposes would be satis-

---

[3] In *Furlong,* the insurer filed a third-party action one day before the statute of limitations in tort ran but did not pay compensation un-

fied even if the estoppel against the insurer in the present case should be upheld. The employee attempted to choose in favor of compensation by discontinuing his tort action. He did not do so because of the insistence of the self-insurer.

We hold that it was open to the single member to conclude that the self-insurer could be estopped to assert the discontinuance requirement. We must now determine whether the single member's conclusion that an estoppel was required had evidential support.

"The basis of an estoppel is a representation or conduct amounting to a representation intended to induce a course of action on the part of the person to whom the representation is made, and where, as a consequence, there is detriment to the person relying on the representation and taking the action." *DeSisto's Case,* 351 Mass. at 351-352. The determination of whether an estoppel may be asserted is a question of fact where, as here, the evidence will support conflicting inferences. *Quality Fin. Co.* v. *Hurley,* 337 Mass. 150, 155-156 (1958). The statements made in the exchange of the letters of January 4 and January 13 between the employee and the self-insurer, respectively, provide ample support for a finding of an estoppel. A source for that conclusion and the answer to the self-insurer's contention that the statements in its letter amounted only to opinions and statements of law that could not be the basis of an estoppel is found in *McLearn* v. *Hill,* 276 Mass. 519 (1931). The facts of the present case mirror those in *McLearn.* There the plaintiff brought an action in tort for personal injury, to which the defendant pleaded the defense of the statute of limitations. Earlier, the plaintiff had brought a timely action in a Municipal Court. Near the end of the one-year statute of limitations counsel for the defendant suggested to counsel for the plaintiff that

til well after the action was brought. The court held that the commencement of the action was proper, although some language in § 15 indicated that an action would not lie until compensation had been paid. The court held that an action could be filed before the payment was made if necessary to preserve the insurer's right but that continued prosecution of it would have to await the actual compensation payment.

the case would be better tried in the Superior Court, as other cases involving the same incident had been filed there. As a result, the plaintiff discontinued his Municipal Court action and instituted a Superior Court action. The court held that the defendant was estopped to assert the statute of limitations, as the plaintiff had given up a timely cause of action in the Municipal Court at the request of the defendant. The court stated, "Acceptance by the defendant of the favor so solicited from the plaintiff involved as a matter of fair dealing an undertaking on his part not to rely on a defence based upon facts coming into existence solely from the granting of that favor by the plaintiff." *Id.* at 523-524. The court rejected the argument that the conduct of the defendant constituted promises, rather than representations of fact on which an estoppel could be based. It stated, "It has been said that estoppel can be raised only on a misrepresentation of fact and not on a promise. Doubtless rights cannot readily be created by a mere naked promise . . . [a]nd it is true that estoppel rests on fraud or deceitful purpose. Words and conduct free from intentional purpose to deceive may constitute fraud under appropriate conditions. . . . Proof of fraud in its strict sense is not essential to estoppel. The more modern statement is that 'one is responsible for the word or act which he knows, or ought to know, will be acted upon by another.' . . . While that statement includes fraud arising from an intention to mislead, it also includes words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm in nature not different from that caused by fraud in its grosser aspects [citations omitted]." *Id.* at 527. The self-insurer's present insistence that no compensation be allowed because the employee failed to discontinue a tort action when that failure was induced by the self-insurer's insistence that the employee not discontinue the action was "conduct not consonant with fairness" and clearly supported the single member's finding of an estoppel against the self-insurer.

*Judgment affirmed.*