TRUDY C. NOBLE, administratrix, vs. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Middlesex. December 14, 1978. — February 26, 1979.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Insurance*, Lapse for nonpayment of premium. *Estoppel*.

An insurance company's receipt of a check in payment of the premium due on a policy of life insurance did not constitute payment of the premium where a stop payment order was placed on the check prior to its being presented to the drawee. [98-99]

An insurance company was not estopped from asserting the lapse of a policy of life insurance by the plaintiff's reliance on the company's agent in stopping payment on a check for a premium where the plaintiff disregarded the agent's recommendation that she send another check in place of the first. [99-100]

CONTRACT. Writ in the Superior Court dated July 13, 1971.

The action was heard by *Tuttle*, J., a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*Robert S. Wolfe* for the plaintiff.

*Walter J. Connelly* for the defendant.

HALE, C.J. This is an appeal by the plaintiff from a judgment of the Superior Court which dismissed her claim for the proceeds of a life insurance policy. The judge made findings of fact which we summarize below.

The plaintiff was the named beneficiary of a life insurance policy issued by the defendant to Nelson Noble, the plaintiff's husband. The policy provided for payment of $26,000 to the beneficiary if the insured should die while the policy was in full force. Quarterly premiums of $209.66 were due on (or within a thirty-one day grace period following) the twenty-third of March, June, Sep-

tember and December of each year, and had been paid through December 23, 1969. A notice of the premium due on March 23, 1970, was mailed to Nelson Noble at his home address. The defendant did not receive a payment of that premium by March 23 or within the grace period. On May 15, at which time Noble was confined to a hospital, Richard Klein, the defendant's district manager, had a telephone conversation with the plaintiff in which he explained to her that the premium on her husband's life insurance policy was overdue. He advised her to send him a check to cover the premium and she did so on May 17.

On or about May 28, while Nelson Noble was still hospitalized, the plaintiff received a notice from the defendant indicating that the next quarterly payment of $209.66 was due on June 23. The plaintiff became confused, thinking that the premium referred to in this notice was the one she had paid.[1] She called the defendant's office and tried to contact Klein. She was informed that Klein was not in the office. She then talked with "one of the girls in the office" (whose identity and position are not apparent in the record) and explained the problem. The woman advised the plaintiff to stop payment on the original check and to send a new check and the premium notice that she had received. On May 28 the plaintiff stopped payment on the original check. Neither the plaintiff nor Nelson Noble (who had been released from the hospital around June 20) made a subsequent payment on the policy. Nelson Noble died on July 22, 1970.

1. The plaintiff argues that the defendant's receipt of the check mailed in accordance with Klein's instructions constituted an unconditional acceptance of the check as payment of the premium. We disagree. Absent an agreement to the contrary, a waiver or an estoppel, the receipt of a check constitutes only an acceptance conditional upon the check's being honored when properly presented.

---

[1] The plaintiff also testified to the effect that there was some confusion as to the exact amount of the premium which was due.

Merely giving the insurer possession of the check is not a payment of the premium. *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 54 (1911). *Ansin* v. *Mutual Life Ins. Co.*, 241 Mass. 107, 111 (1922). Couch, Insurance §§ 31:44, 31:50, 32:299-32:301 (2d ed. 1961).[2] The payment would have become absolute if the check had been honored by the drawee on presentation, but the plaintiff prevented this occurrence by her stop payment order. See *Illustrated Card & Novelty Co.* v. *Dolan, supra* at 54; *Universal Supply Co.* v. *Hildreth*, 287 Mass. 538, 540 (1934). Therefore, at the time of Nelson Noble's death, the March 23 premium payment was unpaid, the policy, by its terms, had lapsed, and the plaintiff was not entitled to any proceeds.

2. The plaintiff contends that she should nonetheless prevail because the defendant is estopped from asserting the lapse of the policy prior to the death of Nelson Noble because her failure to pay the premium due on March 23 resulted from her reliance on the suggestion of the defendant's agent that she stop payment on her original check.

"The basis of an estoppel is a representation . . . intended to induce a course of action on the part of the person to whom the representation is made, and where, as a consequence, there is detriment to the person relying on the representation and taking the action." *Capozzi's Case*, 4 Mass. App. Ct. 342, 347 (1976), quoting *DeSisto's Case*, 351 Mass. 348, 351-352 (1966). *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 728 (1974), *S.C.* 368 Mass. 811 (1975). The plaintiff's claim of an estoppel fails because the actions she took did not amount to reasonable reliance on the instructions of the defendant's agent.[3] The

---

[2] The defendant's receipt of the check did not operate as a waiver of its right to declare a forfeiture of the policy upon nonpayment of the premium. See Couch on Insurance §§ 31:44, 31:55, 32:360 (2d ed. 1961).

[3] Nowhere in her brief did the plaintiff address the problem posed by her failure to tender a payment in accordance with the instructions.

woman in the defendant's office recommended a stop of the first check only in conjunction with the tender of another check. The record shows that plaintiff stopped payment on her original check as suggested but disregarded the essential second step of the instruction by failing to send another check. This selective compliance with the advice of the defendant cannot be said to be sufficient reliance to form the basis of an estoppel. Contrast *Robichaud* v. *Athol Credit Union*, 352 Mass. 351, 355 (1967); *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. at 729; *Capozzi's Case*, 4 Mass. App. Ct. at 347-348; *Loranger Constr. Corp.* v. *E.F. Hauserman Co.*, 6 Mass. App. Ct. 152, 157, *S.C.* 376 Mass. 757, 760-761 (1978).

*Judgment affirmed.*