■ MANSOUR HAUTER, Respondent, v NEW YORK PROPERTY INSURANCE UN- DERWRITING ASSOCIATION, Appellant, et al., Defendant. — In an action to recover under a fire insurance policy, defendant insurer appeals from so much of an order of the Supreme Court, Kings County (Rader, J.), dated April 1, 1982, as denied its motion for summary judgment dismissing the complaint as to it. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and appellant's motion for summary judgment granted. The appellant is an association created solely by statute (see Insurance Law, § 652). It was designed to provide fire insurance on premises which otherwise would be uninsurable. It may underwrite only in accordance with the statute and its plan of operation, approved thereunder. Section 653 (subd 1, par [b]) of the statute, as well as section 12 of the plan of operation, mandate payment of a deposit premium prior to the inception of coverage. The applicant is so advised by the application which states: "This Application Must be Accompanied by a Deposit Premium". On or about March 27, 1979, plaintiff, through his broker, submitted to appellant an application for insurance and his check in the amount of $250. The check was dishonored on April 4, 1979. By letter dated April 12, 1979 appellant informed the broker that plaintiff's check had been

returned for insufficient funds, that it would redeposit the check that day and that if the check did not clear it would consider the application (No. 713551) void. Appellant redeposited the check that day and it was again dishonored. After receiving appellant's April 12 letter, however, the broker sent appellant his own check, dated April 17, 1979. By letter dated April 19, 1979 appellant returned the check to the broker, stating that the initial check was redeposited as per the April 12 letter, that the check was again returned by the bank and that the applicant would have to reapply. On April 21, 1979, the broker submitted a second application (No. 714940) with his check. On that very day, April 21, plaintiff's property was substantially destroyed by fire. On these facts, no insurance was in effect at the date of the loss. Clearly, no coverage could have come into existence with the submission of plaintiff's initial application and check, since the necessary payment was not effected by presentment of a dishonored check (see *Reznikoff v Equitable Life Assur. Soc. of U. S.,* 267 App Div 785, affd 294 NY 935; *Goldberg v Mutual Life. Ins. Co. of N. Y.,* 263 App Div 10, app dsmd 288 NY 662; 6 Couch, Insurance 2d, § 31:44; Uniform Commercial Code, § 2-511, subd [3]). Nor could the substitute check be deemed to effect payment. Plaintiff failed to heed the instructions given by appellant in its April 12 letter; the initial check was twice dishonored and the application was thus void. Finally, plaintiff's second application, which was sent with its check on April 21, 1979, the date of the fire, was received too late. Since there was no fire coverage in effect on the date of the fire, it was error for Special Term to deny appellant's motion for summary judgment. Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.