■ DONALD MCGARRITY, Respondent, v JUDD ASSOCIATES, LTD., Appellant and Third-Party Plaintiff-Respondent-Appellant. NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Third-Party Defendant-Appellant. — In an action to recover damages for defendant insurance broker's failure to obtain a policy of fire insurance for plaintiff, alleging both negligence and breach of contract, and a third-party action by said insurance broker for indemnification against the third-party defendant insurer for its failure to accord plaintiff coverage for a fire loss, also based upon negligence and breach of contract, the

third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated September 27, 1983, as denied its motion for summary judgment dismissing the third-party complaint. Defendant and third-party plaintiff appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Order modified, on the law, so as to grant the motion of the third-party defendant awarding it summary judgment dismissing the third-party complaint. As so modified, order affirmed, without costs or disbursements.

The admissions of the defendant and third-party plaintiff make it clear that it did not submit the application for insurance coverage on plaintiff's real property to the third-party defendant until after the plaintiff suffered the fire loss for which he seeks compensation from the defendant and third-party plaintiff and that such insurance coverage was thereafter denied by the third-party defendant. Under such circumstances, the third-party defendant can have no liability to the defendant and third-party plaintiff (*see, Hauter v New York Prop. Ins. Underwriting Assn.*, 94 AD2d 696). Of great significance is that despite the fact that the defendant and third-party plaintiff charges the third-party defendant with both negligence and breach of contract, it has failed in both its third-party complaint and its motion papers submitted to Special Term to specify or detail the nature of the alleged negligent conduct or the contractual obligation owed to it which was breached.

Summary judgment dismissing plaintiff's complaint was correctly denied to the defendant and third-party plaintiff. The record on appeal discloses that there are questions of fact pertaining to when the plaintiff first entered into a business relationship with the defendant and third-party plaintiff, as to what representations and assurances were made to plaintiff at that time, and what actions were subsequently taken by defendant and third-party plaintiff on plaintiff's behalf in furtherance of obtaining the policy of fire insurance applied for by plaintiff. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.